MARÍA DEL ROSARIO ENJUTO, Petitioner, v. DISTRICT COURT OF GUAYAMA, Respondent.

No. 1055.    Argued December 9, 1934.—Decided January 15, 1936.

_Carlos J. Torres Laborde_ and _Joaquín Vendrell_ for petitioner.

Mr. Justice Wolf delivered the opinion of the court.

This is a petition of María del Rosario Enjuto, who is a Spanish citizen and was named as tutrix of Rafael Hernández González, in a last will and testament left by Mercedes González Garriga. The last will and testament was actually made in Spain, where the testatrix had lived for a number of years immediately before her death and where the minor Rafael Hernández González was born and is now living. The testatrix was married to Rafael Hernández Usera and during the existence of the marriage took up her residence in Spain. Subsequently she was divorced in the District Court of Ponce in 1926. It appears from the petition and the record before us that the principal property of the minor, which is not inconsiderable, is real estate located in Puerto Rico.

Together with this testament the petitioner made an application to the District Court of Guayama for a record of her tutorship which was granted by the said District Court. Subsequently the prosecuting attorney (_fiscal_) of the District Court of Guayama made his appearance in the case and stated that the said tutrix was a foreigner and hence, by virtue of section 195 of the Civil Code, could occupy no such position; that the record was null and void; that by virtue of sections 195 and 196 of the Civil Code, the record should be cancelled and, by reason of the alleged incapacity, she should be removed from her tutorship.

The District Court of Guayama, on the 21st day of May 1935, ordered the removal of the petitioner in this case. An appeal was dismissed by this court for lack of jurisdiction and the present application for certiorari was presented.

Sections 195 and 196 of the Civil Code (1930 ed.) are as follows:

"Section 195. The following cannot be tutors:

"1. Those subject to tutorship.

"2. Those who have been punished for the crimes of murder, homicide, robbery, theft, fraud, falsification, perjury, seduction, ravishment, abduction, corruption of minors, and public scandal.

"3. Those sentenced to any corporal punishment, until the sentence expires.

"4. Those legally removed from a former tutorship.

"5. Persons of bad conduct or who have no visible means of support

"6. Bankrupts and insolvents not rehabilitated.

"7. Those who, at the time the tutorship is conferred, have a suit pending with the minor or formerly had such suit, regarding such minor's civil status

"8. Those in litigation or who have litigated with the minor over the ownership of his property, unless the father, or in a proper case the mother, knowing thereof, shall have, nevertheless, named them tutors in their wills.

"9. Those who owe the minor important sums of money, unless, having a knowledge of such debts, the father, and in a proper case, the mother, shall have named them tutors in their wills.

"10. A testamentary tutor who neglects or abandons the fulfilment of the requirements indispensable for beginning in the exercise of tutorship.

"11. Foreigners not residing in Porto Rico.

"12. Those who have made a criminal accusation against the minor or his ascendants or collaterals within the fourth degree.

"Section 196. The following shall be removed from tutorship:

"1. Those who, after such tutorship is conferred, come within any of the cases of incapacity mentioned in numbers 1, 2, 3, 4, 5, 6, 7, 8, 11 and 12 of the preceding section.

"2. Those assuming to themselves the administration of the tutorship without giving bond and omitting to inscribe the mortgage bond.

"3. Those who do not make the inventory in the time and manner established by law, or do not make it faithfully.

"4. Those who do not behave properly in the discharge of their duties as tutors."

It is therefore clear that in Puerto Rico no foreigner who does not reside in the Island can occupy the office of a tutor, unless the case of a tutor named by a last will and testament presents an exception. The petitioner through her counsel maintained that this is a will made in Spain by a woman residing there with respect to a ward also living in Spain, and that under these circumstances a testamentary nomination made in that country should prevail in Puerto Rico. Apparently counsel urged upon this court that this will and testament should be treated as a foreign will and testament ordinarily is. We are not convinced that, especially where local real estate is involved, a foreign will, even by comity, could previal against the express provisions of sections 195 and 196 of the Civil Code, *supra*.

■ It transpires from the facts recited aforesaid that Mercedes González Garriga was a resident of Puerto Rico until such a time as she took up her residence in Spain; that her husband was a resident and citizen of Puerto Rico; and that the record shows nothing of any change of domicile or citizenship on her part, whatever it was before she left Puerto Rico. However, in her will she says that she has not lost her Puerto Rican citizenship which is also her son's. Our necessary conclusion is that the testatrix was and remained a citizen of Puerto Rico.

■ Counsel for petitioner also argues to the court that Rafael Hernández González being born in Spain and having almos constinuously lived there, has no distinct Puerto Rican citizenship; that he is an American citizen without necessarily having a status as a citizen of Puerto Rico. We can not see this. The principles of private international law are strongly to the effect that the citizenship of a child follows the citizenship of his parents wherever they may happen to reside. There were other claims and arguments made in the district court but they were either abandoned or are unimportant.

■■ Although not much insisted upon, we think that the best chance of the petitioner would have been to have regarded this will as distinctly a Puerto Rican will and then to set up the proposition that a person named tutor by testament does not fall under the prohibitions of sections 195 and 196. The argument would be that these prohibitions extend only to the case where the court is called upon to name a tutor for a minor. Almost universally the will of the testador is respected and his intentions carried out, and it ordinarily makes no difference that the testatrix is a woman. Of course, this principle of intention has been applied with respect to the devolution of property but it at least appeals to the imagination of the court that the testatrix in this case was the natural guardian of her own son; that she was living in Spain and was educating him there; that she named, in her last will and testament, a number of people, all Spaniards, who should act as tutor in case Miss Enjuto could not serve. The court below said:

"The ground advanced by the tutrix for a dismissal of the petition of the district attorney is that the testatrix in her said will, whereby she appoints her minor son as the heir to the whole of her estate located both in Spain and in Puerto Rico and other countries, provided that the minor should continue to reside and to be educated in Madrid, which renders it necessary for the tutrix to reside also in Madrid, since the purpose of the law is that the tutor should reside in the same place where the minor has his domicile and residence and not where the estate is located, because the estate, as happens in this case, may be locatted in different countries. It is contended that under Private International Law the minor is outside the jurisdiction of the District Court of Guayama because the said minor has his domicile and residence in the Spanish Republic. It is also contended that the testatrix was entitled to appoint a tutor for the administration of the estate of said minor located in Puerto Rico, owing to the fact that the father had lost the *patria potestas*.

"As regards the former contention of the tutrix, that is, the lack of jurisdiction of this court over the minor, we have already stated at the beginning of th's opinion that the appointed tutrix Miss María del Rosario Enjuto appeared in this court and recorded her tutorship.

In our opinion it is from that moment that both she and the minor, by virtue of said record, came within the jurisdiction of this court and of the laws of Puerto Rico.

"To consider that the tutrix, having once recorded her tutorship in this court, is without its jurisdiction and controlled only by the family council acting in Spain or by the Spanish courts, would be in our judgment a mistaken opinion.

"If the tutrix had not appeared in this court and recorded her tutorship she could, then, have been at liberty to act without the intervention of this court; but once she did so we think that both she and her ward are subject to its jurisdiction.

"We have already stated, as a further reason, that under Private International Law, the laws governing the tutorship are those controlling the ward. In the case at bar by virtue of both laws, that affecting the person and that regarding realty, the minor is covered by the laws of Puerto Rico.

"As to the fact of the tutrix (*sic*) having made certain provisions in her last will and testament with regard to the custody of the minor, such provisions can not at all overcome the law. The testatrix herself has so stated in the fifth clause of her last will and testament by establishing the tutorship and stating as follows:

" '*Fifth:* Should the present incompatibilities disappear from the law she designates the following persons to be appointed to the tutorship, etc. . . .'

"Such incompatibilities could not be other than lack of capacity on the part of the tutrix to exercise the tutorship in Puero Rico by reason of the failure to reside permanently here and the incapacity in Spain for the tutorship owing to her sex.

"Counsel for the tutrix in the present case raise the question of the single quality of the tutorship, that is to say, that there can only be one tutor.

"In regard to this point we will say that the only allegations in the present case is that the tutrix lacks capacity to discharge her office as such in Puerto Rico, her removal being sought without such petition involving the designation of two tutors, because if the tutrix had complied with the legal requirement of having her domicil in Puerto Rico, even if she was a foreigner, the district attorney would not have raised the question. We think that if we allowed the tutrix to discharge her duties on Puerto Rico while residing in Spain we would openly disregard the laws of Puerto Rico, which would attain no legal effect at all.''

What also appeals to us in this case is that the custody of this child was given to the testatrix in the divorce proceedings and that in supplementary actions the father abandoned all claim to the custody of the child.

As we have said, there is not possible principle of comity applicable here because this is a proceeding in a Puerto Rican court under a Puerto Rican will. The only possibility is that the principles applicable to the devolution of property should apply to the custody of children. It seems strange that in a civil law country with a Roman tradition the will of a testatrix could not have a binding force. Nevertheless, the Spanish Legislature in section 237 of its Civil Code provided that foreigners who did not live in Spain should not have the right of tutorship and this same provision was carried into effect in section 195 of our own Civil Code. It is a matter of positive law or *lex scripta;* and the petitioner has not convinced us that the intention of a testator can prevail over the public policy of a legislature, especially as the matter of testamentary guardianship is entirely a creature of the written law, ancient or modern. (See Scaevola, *Código Civil,* 1893 ed., vol. 4., p. 175.)

We might also refer to the fact that counsel for petitioner states that the petitioner could not be removed because section 195 only says that certain persons should not be appointed, but that the removal is dependent on section 196. Reading that section it is evident that most of the exclusions mentioned in section 195 are made the subject of removals under section 196, and the foreign citizenship is one of them.

We can not find sufficient reason for overruling the order made by the District Court of Guayama, and the writ of certiorari must be annulled.